**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANCIS ORAN, | **:** | |
|     **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **CIVIL ACTION NO. 26-CV-1243** |
| | **:** | |
| AMY ZANELLI, *et al.*, | **:** | |
|     **Defendants.** | **:** | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                 **MAY 11, 2026**

*Pro Se* Plaintiff Francis Oran brings this civil action pursuant to 42 U.S.C. § 1983, asserting claims against Magisterial District Judge Amy Zanelli and Travelers Insurance. He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Oran leave to proceed *in forma pauperis* and dismiss the Second Amended Complaint[1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.        FACTUAL ALLEGATIONS**[2]

---

[1] On February 27, 2026, prior to the Court's review of his original Complaint, Oran filed two duplicative Amended Complaints, (ECF Nos. 7, 8), and subsequently filed a Motion to Amend seeking to file a Second Amended Complaint, (ECF No. 10). On April 24, 2026, the Court granted the Motion and deemed his Second Amended Complaint ("SAC") the operative pleading in this case. (*See* ECF No. 13)

[2] The facts set forth in this Memorandum are taken from the SAC (ECF No. 14) and Oran's Supplemental Brief in Support of Relief (ECF No. 12), which provides additional information on the adjudication of his traffic offense in Florida. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Oran's allegations arise from three convictions in the Lehigh County Magisterial District Court for driving with a suspended license in violation of 75 Pa. C.S. § 1543(a).  He asserts that in May 2022, the Pennsylvania Department of Transportation suspended his driving privileges based on an unresolved traffic case out of Orange County, Florida.  (SAC ¶¶ 4-5.)  He contends that the suspension was void *ab initio* because the Florida traffic matter had not yet been adjudicated; further, he states he did not receive notice of the Florida case until February 2023. (*Id*. ¶¶ 5-6; ECF No. 12 at 1.)  Florida authorities ultimately issued Oran a D6 Clearance Letter on June 6, 2024, stating that Oran's obligations in his case were satisfied as of April 19, 2024. (SAC ¶ 6; ECF No. 12 at 1.)  Nevertheless, Oran was charged in Lehigh County with driving on a suspended license in three cases spanning 2023-2025.  *See Commonwealth v. Oran*, MJ-31106-TR-0001194-2023 (MDJ Lehigh); *Commonwealth v. Oran*, MJ-31106-TR-0001411-2024 (MDJ Lehigh); *Commonwealth v. Oran*, MJ-31106-TR-0003066-2025 (MDJ Lehigh).

Defendant Amy Zanelli, a Magisterial District Judge in Lehigh County, presided over all three matters.  (SAC ¶ 7.)  Oran asserts that in each case he entered a not guilty plea and "submitted pre-trial motions challenging the validity of the suspension, raised notice and jurisdictional defenses, and presented evidence of the pending Florida and relevant civil proceedings." (*Id*. ¶ 8.)  Oran also states that Zanelli was aware that "DL-38 suspension notification forms were cancelled and re-filed at least nine (9) times across the two closed cases [presenting] direct evidence of administrative instability in the suspension[.]" (*Id*. ¶ 9.)  Zanelli nevertheless found Oran guilty in all three cases and imposed fines, costs, and other obligations without conducting an ability to pay hearing. (*Id*. ¶¶ 8, 10.)  Oran subsequently filed a request for administrative review of his license suspensions by suing the Pennsylvania DOT in the Lancaster County Court of Common Pleas; the case was dismissed for lack of jurisdiction on

April 17, 2026.  *See Oran v. Pa. Dept. of Transp. Bureau of Driver Licensing*, No. CI-25-09903 (C.P. Lancaster).

On January 7, 2026, the Pennsylvania Judicial Conduct Board filed formal charges against Zanelli based on various allegations of improper conduct, including maintaining a "Book of Grudges" in which she documented grievances against particular litigants; displaying a sexually-explicit desk calendar in a work area; physically removing a *pro se* litigant from the courtroom and denying him an opportunity to cross-examine a witness, then convicting him; yelling at courtroom employees; using profanity; and habitual lateness and absences.  (SAC ¶ 11); *see also In re: Amy Zanelli* (Pa. Ct. Jud. Disc.) (1 JD 2026).  Oran states that "[t]hese charges corroborate the pattern of constitutional misconduct [he] experienced."  (SAC ¶ 11.)

Based on the above allegations, Oran asserts claims against Zanelli under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment due process and equal protection rights and for malicious prosecution.  (SAC at 3.)  He also asserts a public official bond claim against Travelers Insurance ("Travelers") based on Zanelli's alleged failure to faithfully perform her official duties.  (*Id*.)  He seeks compensatory and punitive damages against Zanelli, $50,000 against Travelers, a declaratory judgment that his convictions under 75 Pa. C.S. § 1543(a) are "constitutionally void,"[3] expungement of his three § 1543(a) convictions, and costs of litigation. (*Id*. at 4.)

---

[3] Declaratory relief is unavailable to adjudicate past conduct, so Oran's request for this declaratory relief is improper.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").  A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is

## II.    STANDARD OF REVIEW

The Court will grant Oran leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Second Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Oran is proceeding *pro se*, the Court construes his allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must

---

available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). In assessing the Second Amended Complaint, the Court is mindful of its obligation to liberally construe a *pro se* litigant's pleadings. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.    Constitutional Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

Oran asserts claims against Defendant Zanelli under the Fourteenth Amendment and for malicious prosecution.  These claims are barred by judicial immunity.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  Oran's claims against Zanelli arise out of rulings she made in his three Magisterial District Court matters, in which he contends she ignored his motions and relevant administrative findings, failed to conduct an ability to pay hearing before sentencing him, and wrongly found him guilty of violating 75 Pa. C.S. § 1543(a).  (SAC ¶¶ 7-10.)  Even

6

assuming these allegations were true, the claims are barred by judicial immunity.  All of the acts and omissions described were taken by Zanelli in her judicial capacity presiding over three magisterial district court cases.  *See Brigman v. Schaum*, No. 20-1549, 2021 WL 3836819, at *9 (M.D. Pa. July 27, 2021) (dismissing § 1983 claims against magisterial district judge who presided over summary traffic offenses on immunity grounds, noting that "[p]ursuant to 42 Pa. C.S. § 1515, magisterial district judges . . . have jurisdiction over summary offenses.), *report and recommendation adopted*, 2021 WL 3784295 (M.D. Pa. Aug. 26, 2021).  Oran does not allege any facts suggesting that Zanelli acted in the absence of all jurisdiction.  Indeed, the relevant Court records reflect that Zanelli was the assigned judge in the three relevant cases, thus she clearly had jurisdiction to issue judicial rulings.[4]  *See Oran*, MJ-31106-TR-0001194-2023; *Oran*, MJ-31106-TR-0001411-2024; *Oran*, MJ-31106-TR-0003066-2025; *see also* 42 Pa. C.S. § 1515. Accordingly, Oran's claims against Zanelli are barred by judicial immunity and will be dismissed.

### B.     Injunctive Relief

Oran seeks injunctive relief in the form of "expungement" of his three § 1543(a) convictions.  The Court understands him to be asking this Court to review and overturn his three magisterial district court convictions.  This is not the type of relief that can be granted on a § 1983 claim.  When a person who has been convicted in a state court seeks to challenge either the fact of the conviction or the duration of their sentence imposed for the conviction, and the relief sought is a determination that she is entitled to immediate release or a speedier release, the

---

[4] And while Oran alleges that the Pennsylvania Judicial Conduct Board has filed misconduct charges against Zanelli, he fails to allege that she was charged with acting in the absence of all jurisdiction in his case (or any other), such that her actions would lie beyond the scope of judicial immunity.

sole federal remedy is a writ of *habeas corpus. See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.")  This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."  *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  This holds true for summary offenses as well.  *See Mina v. Hogan*, 616 F. App'x 41, 42 (3d Cir. 2015) (affirming dismissal of plaintiff's "Rule 60(b) motion" seeking to challenge his state court conviction for a summary offense because "Mina cannot challenge his state-court conviction in federal court under Rule 60(b). Any request that a federal court overturn a state-court conviction must be brought in a habeas corpus petition" (citing *Preiser*).)  Oran's request to have his criminal convictions expunged also runs afoul of *Preiser*.  *See Knight v. Crocker*, No. 13-15, 2013 WL 3561187, at *5 (W.D. Ky. July 11, 2013) ("[S]hould any expungement necessarily imply the invalidity of [plaintiff's] current confinement or its duration, § 1983 relief is unavailable.  Consequently, Plaintiff's claims for equitable relief relating to release and expungement under § 1983 will be dismissed."); *Dupin v. Taylor*, No. 23-286, 2023 WL 6979602, at *3 (W.D. Ky. Oct. 23, 2023) ("Because expungement would invalidate Plaintiff's conviction, he cannot seek for such relief under § 1983."); *see also Johnson v. Valdez*, No. 13-2173, 2013 WL 5489957, at *2 (N.D. Tex. Oct. 1,

2013) ("Expungement is not the type of relief available under § 1983, because the right to expunge state records is not a federal constitutional right." (citing *Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989))); *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980). Accordingly, Oran's claim seeking claims seeking an order seeking the expungement of his convictions will be dismissed without prejudice. *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the [litigant's] only federal remedy is through a writ of habeas corpus after exhausting state remedies.").

### C.   Bond Claim against Travelers Insurance

Oran also attempts to assert a bond claim against Travelers, based on a policy held by Zanelli as required by state law. (SAC at 3); *see* 246 Pa. Code R. 110.[5] Oran does not assert that this claim involves a federal question, provide any facts indicating that the Court can exercise diversity jurisdiction,[6] or allege any other basis for the Court to exercise jurisdiction over this

---

[5] The rule requires "[e]ach magisterial district judge . . . to give bond in such sum, not less than $25,000 . . . with one or more sufficient sureties. . . for the benefit of the Commonwealth and its political subdivisions and all persons who may sustain injury from the magisterial district judge in his or her official capacity."

[6] 28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir. 1999)). Oran does not allege the citizenship of the parties, but provides Pennsylvania addresses for himself and Zanelli, suggesting that the parties are not completely diverse. *Smith v. Albert Einstein Med. Ctr.*, No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June

claim. Accordingly, his state law claim against Travelers will be dismissed without prejudice for lack of subject matter jurisdiction.[7]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Oran leave to proceed *in forma pauperis* and dismiss his constitutional claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Oran's state law bond claim against Travelers Insurance will be dismissed without prejudice for lack of subject matter jurisdiction. His claims for injunctive relief will be dismissed without prejudice to him seeking *habeas* relief if appropriate. The Court concludes that amendment would be futile and will therefore dismiss this action without leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (requiring amendment in a *pro se* case unless it would be inequitable or futile). An appropriate Order accompanies this Memorandum.

BY THE COURT:


*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

---

11, 2009) ("Diversity jurisdiction requires complete diversity between the parties . . . . [N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted). Accordingly, Oran has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over his state law bond claim.

[7] The dismissal of Oran's claim against Travelers is without prejudice to him filing a bond claim with the appropriate County office.